08-2917-ag
Li v. Holder

BIA
A77 993 951

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges*.

_____

PING LI,
> *Petitioner*,

> v. 08-2917-ag
> NAC

ERIC H. HOLDER, JR.,<sup>*</sup> ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER: Nan Shen, New York, New York.

FOR RESPONDENT: Gregory G. Katsas, Assistant Attorney

---

<sup>*</sup>Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

**General, Cindy S. Ferrier, Senior Litigation Counsel, Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ping Li, a native and citizen of the People's Republic of China, seeks review of the May 16, 2008 order of the BIA denying her motion to reopen her removal proceedings. *In re Ping Li*, No. A77 993 951 (B.I.A. May 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

The BIA's regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Li's March 2008 motion was untimely. The BIA had issued its final order in July 2004. There is no time limit for filing a motion to reopen, however, if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," if the petitioner provides "evidence [that] is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are regularly referred to as "changed country conditions" and distinguished from "changed personal circumstances." *Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir. 2003) (per curiam).

Here, the BIA did not abuse its discretion in denying Li's motion to reopen as untimely because the BIA reasonably determined that Li failed to submit sufficient evidence of changed country conditions. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam). Li's motion was based primarily on her newly-adopted practice of Falun Gong, a change in her personal circumstances. *Cf. Wei Guang Wang v. BIA*, 437 F.3d 270,

2

273-74 (2d Cir. 2006).  As to Li's assertion that she demonstrated error in the agency's decision because it ignored evidence of crackdowns on Falun Gong practitioners, we have rejected the notion that the agency "must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  *Id.* at 275 (internal quotation marks omitted); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (noting that the Court "presume[s] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  Here, the BIA was not required to list all of the evidence Li submitted in support of her motion when finding it insufficient to show that country conditions had changed with respect to Falun Gong practitioners since Li's 2003 merits hearing.  Indeed, a review of the record reveals that the evidence Li submitted in support of her motion was largely identical to that contained in the U.S. State Department's China Profile that was in the record before the Immigration Judge in 2003.  The agency did not err in finding Li's evidence insufficient to meet her "heavy burden" in demonstrating her eligibility for relief.  *See INS v. Abudu*, 485 U.S. 94, 110 (1988); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 n.6 (2d Cir. 2007) (evidence must "establish that conditions have indeed changed critically" following her order of removal).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3